CAESAR A. TRONOLONE, Respondent, *v.* BRYANT C. WINCHELL, Appellant, Impleaded with NAPLES CANNING COMPANY, INC., Defendant.

Third Department, March 8, 1922.

Sales — action for breach of contract of sale of canned apples by broker — offer to buy apples for purchaser at stipulated price " if possible " — contract not shown where no evidence of possibility of buying at price named.

In an action against a broker for the breach of a contract of sale of canned apples, it appeared that the buyer gave an order to a representative of the broker for 500 cases of canned apples; that the broker acknowledged, by telegram, the receipt of the order and advised the buyer as to the price for which the apples could be purchased and later, referring to his telegram, wrote that he thought the apples could be bought for the price mentioned in the telegram and said, " I would be very happy if you would wire me to go ahead and buy on this basis *if possible*," that the buyer telegraphed the broker " you may book car No. ten apples;" that the apples were not delivered, and that no evidence was given to show the possibility of the purchase of the apples by the broker at the price stipulated.

*Held*, that the correspondence and telegrams did not establish that the broker was under an absolute obligation to deliver the apples to the buyer, but merely that his obligation was contingent on the possibility of his buying them at a certain price.

APPEAL by defendant, Bryant C. Winchell, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of

the clerk of the county of Erie on the 7th day of January, 1921, upon the decision of the court rendered after a trial without a jury at the Erie Trial Term.

This appeal was transferred to this department from the Fourth Department of the Appellate Division. (See 199 App. Div. 909.)

*Lusk & Buck* [*Ralph S. Kent* of counsel], for the appellant.

*Grass & Caudell* [*Richard W. Caudell* of counsel], for the respondent.

COCHRANE, P. J.:

This action was brought against the appellant and Naples Canning Company, Inc. It is alleged in the complaint that on May 20, 1919, the defendants agreed to sell to the plaintiff for future delivery " five hundred dozen No. 10 New York State apples at the agreed price and reasonable value of four and 50/100 ($4.50) dollars per case, free on board cars Naples, New York," and that the defendants refused to deliver said apples. The apples to which reference was made were canned apples. At the trial the complaint was dismissed as to the Naples Canning Company for failure of proof. The plaintiff, however, has recovered a judgment against the defendant Winchell for breach of the above-mentioned contract.

The appellant was a broker in food products and also a dealer on his own account. It is claimed by the plaintiff that in respect to the transaction in question the appellant was acting for himself and so the learned trial justice has substantially found. As I view the case it is unnecessary to consider that question, because, assuming such to be the fact, I am of the opinion that no breach of contract has been established.

On May 14, 1919, plaintiff gave an order to the appellant's representative written on one of his order blanks for 500 cases of No. 10 New York State apples to be shipped in the future and subject to approval of price. This order or its substance was forwarded to the appellant who on the following day telegraphed the plaintiff as follows: " Referring SAP order given Mr. Leppart for five hundred ten New York State future apples cannot buy these from any reputable factory under four fifty and on account of heavy buying for export I think price will be five dollars immediate future wire quick if shall book." Not having heard from the plaintiff the appellant on May nineteenth wrote him as follows: " Referring further to my wire relative to the 500 doz. future No. 10 apples, as I advised you in my wire dated May 15th, absolutely impossible to buy from any reputable New York State packer under 4.50. Most of the packers today advanced their price to 4.75 to 5.00,

and one or two off from the market entirely. I have booked 3100 doz. all told today for shipment to the Middle West for future delivery at 4.50. I still think that apples at 4.50 would prove to be an excellent purchase for you and I would be very happy if you would wire me to go ahead and buy on this basis if possible." The following day the plaintiff telegraphed to the appellant: "You may book car No. ten apples." The trial justice held that the four documents above mentioned constitute a contract. The plaintiff in his brief says: "The plaintiff's case rests or falls upon these four written instruments."

The telegram and letter of the appellant plainly indicated that he was not selling apples which he owned or had on hand. It is clear from his communications that his purpose was to purchase the apples for delivery to the plaintiff. He emphasizes the fact that the price is increasing and urges immediate action by the plaintiff. He indicates that most packers and manufacturers are advancing their prices and his final statement to the plaintiff is as follows: "I still think that apples at 4.50 would prove to be an excellent purchase for you and I would be very happy if you would wire me to go ahead and buy on this basis if possible." In other words, the appellant was to buy the apples on such a basis *if possible* that he could deliver them to the plaintiff at the price of four dollars and fifty cents per case. This is far short of an absolute or definite proposition. It depended on an expressed contingency. The obligation was only to be performed by the appellant "if possible," and when on the following day the plaintiff wired his acceptance of the proposition it was of course no more than the acceptance of a possibility. No evidence was given to show the possibility of the performance of this contract by the appellant. On the contrary, the evidence shows and the theory of the plaintiff's action is that the price of canned apples was at that time advancing. On May twentieth, the same day that plaintiff sent his telegram of acceptance, the appellant acknowledged the same inclosing what he called a confirmation of the sale but this confirmation specified that the seller was not the appellant but the Naples Canning Company. That company declined to fill the contract. It was on the strength of this last letter and inclosure apparently that the plaintiff brought the action against the appellant and the Naples Canning Company jointly. On the evidence presented, however, the plaintiff does not and cannot urge any advantage therefrom in establishing his claim against the appellant. The "confirmation" does not purport to confirm a sale made by the appellant but by the Naples Canning Company.

From what has been said it appears that the appellant was not

under an absolute obligation to deliver the apples to the plaintiff but that his obligation was contingent on the possibility of his buying them at a certain price and there is no evidence that he could have done so.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed and new trial granted, with costs to the appellant to abide event.